IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                         No. CR 10-1738 JB

GUILLERMO MEDEL,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Defendant's Sentencing Memorandum, filed January 25, 2011 (Doc. 26); and (ii) the Government's Sentencing Memorandum and Response to Defendant's Sentencing Memorandum, filed February 13, 2011 (Doc. 29). The Court held a sentencing hearing on March 2, 2011 and an evidentiary hearing on March 18, 2011. The primary issue is whether the Court should sustain Plaintiff United States of America's objection to the re-disclosed Presentence Investigation Report's deletion of 2 criminal history points for two misdemeanor convictions as a result of Defendant Guillermo Medel's argument that the misdemeanor convictions were constitutionally infirm. Because the Court finds that Medel has not met his burden of persuasion to overcome the presumption of regularity that attaches to the convictions, the Court will overrule Medel's objection and sustain the United States' objection.

**PROCEDURAL BACKGROUND**

On June 10, 2010, a federal grand jury returned an Indictment, charging Defendant Guillermo Medel with eleven counts of a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) -- Felon in Possession of a Firearm and Ammunition -- and a violation of 18 U.S.C. §§ 922(o) and 924(a)(2)

-- Possession of a Machinegun.  <u>See</u> Doc. 2.  On October 28, 2010, Medel pled guilty to the Indictment.  <u>See</u> Plea Minute Sheet, filed October 28, 2010 (Doc. 24).

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on December 29, 2010.  The PSR calculated Medel's adjusted offense level as 30 and his total offense level, after a 3-level reduction for acceptance of responsibility, as 27.  The PSR calculated Medel's criminal history points at 10, which places him in a criminal history category of V.  Paragraph 50 assessed 1 criminal history point for a conviction for Resist/Evade/Obstruct and Possession of Marijuana Under an Ounce.  The PSR states that Medel was found guilty and sentenced to one-day custody.  The PSR also states that the issue of counsel representation could not be determined.  Paragraph 52 assessed 1 criminal history point for a conviction of Delivery Possession Drug Paraphernalia, Minor in Possession of Alcohol, Drivers Must Be Licensed, and Failure to Appear in Court.  The PSR states that Medel was found guilty and  sentenced to one day in custody.  The PSR also states that the issue of counsel representation could not be determined. An offense level of 27 and criminal history of V establishes a guideline imprisonment range of 120-150 months.

On January 25, 2011, Medel filed the Defendant's Sentencing Memorandum.  <u>See</u> Doc. 26. In the Sentencing Memorandum, Medel stated that, with the exception of a few typographical errors, he does not challenge any of the PSR's essential facts.  Medel objects, however, to paragraphs 39 and 40 of the report, stating that the application of two 4-level enhancements to his offense level under U.S.S.G. § 2K2.1(b) and (b)(5) unreasonably increases the advisory guideline range in light of the sentence factor manipulation which occurred in this case.  Medel also objects to paragraphs 50 and 52 of the PSR, which call for the assessment of 2 criminal history points for two misdemeanor cases in which he did not have an attorney.  Medel asks the Court to impose a low-end

guideline sentence of 70 months based on a final adjusted offense level of 23 and a criminal history category of IV.

On February 9, 2011, the USPO re-disclosed the PSR and an Addendum to the PSR. The USPO revised the PSR's criminal history section pursuant to Medel's objections to paragraphs 50 and 52 so that it assesses no criminal history points for these convictions. Medel's total criminal history points thus amount to 8 points as opposed to 10 points, which establishes a criminal history category of IV. An offense level of 27 and a criminal history category of IV establishes a guideline imprisonment range of 100 to 125 months. The PSR also corrected typographical errors. The Addendum to the PSR states that the adjustments pursuant to U.S.S.G. § 2K2.1(b)(1)(B) and (b)(5) were correctly assessed.

On February 13, 2011, the United States filed the Government's Sentencing Memorandum and Response to Defendant's Sentencing Memorandum. See Doc. 29. The United States argues that Medel cannot meet the legal standard of sentencing factor manipulation, because no manipulation took place, and because he was far more than merely predisposed to engage in the charged conduct. The United States thus argues that the Court should reject his claim of sentencing factor manipulation. The United States also argues that Medel has done nothing other than advance assertions about the Bernalillo County Metropolitan Court record keeping and his allegedly impaired functioning to prove he did not waive his right to counsel. The United States demands proof that he did not waive his right to counsel. It asks the Court to deny his challenge to the assessment of criminal history points for his former convictions unless he produces a certified copy of the court records from the challenged cases, which show not only that he was uncounseled but that he did not waive his right to counsel. The United States also asks the Court to reject Medel's request for leniency because of his allegedly impaired state. The United States requests that the Court impose

a sentence of 150 months.

At the hearing on March 2, 2011, the United States argued that the PSR's original calculation of Medel's criminal history points was correct and objected to the re-disclosed PSR's calculation. The Court continued the hearing to allow Medel to put on evidence that he did not have counsel for the two convictions and that he did not waive his right to counsel.

At the March 18, 2011 hearing, the parties stipulated to the testimony of Raymond W. Mensack -- the general counsel for the Bernalillo County Metropolitan Court. See Stipulation Regarding the Testimony of Ray Mensack, filed March 18, 2011 (Doc. 36)("Stipulation"). Mensack testified that the Bernalillo County Metropolitan Court's records are retained in two formats: (i) the original clerk's file, which contains a paper copy of every pleading, order, or other relevant documents filed in a criminal case; and (ii) computer entries for the original clerk's file, which do not necessarily contain a separate computer data entry for every pleading, order or other relevant document in the paper clerk's file. See Stipulation ¶ 2, at 1-2. The Metropolitan Court generally keeps a paper copy of every document in the clerk's file for three years; after three years, and after the most significant entries from the file are input into the computer database, the paper copies are generally destroyed. See Stipulation ¶¶ 3-4, at 2. The paper copies of documents in the criminal cases at issue in this matter have been destroyed. See Stipulation ¶ 9, at 3. The computer record for Medel's conviction of resisting or evading or obstructing a peace officer, and possession of marijuana, indicates Medel did not have an attorney; however, it is not clear whether Medel waived his right to counsel in that case. See Stipulation ¶ 13, at 3. The computer record for Medel's conviction for an "open container and driving without a license" indicates that Medel did not have an attorney, but it is not clear whether he waived his right to counsel in that case. Stipulation ¶ 14, at 3. To the best of Mensack's knowledge, most of the judges in the Metropolitan Court had a

policy of eliciting waivers of the right to counsel in criminal cases in which the defendant wished to represent himself. See Stipulation ¶ 15, at 3-4. There are no computer entries for the waiver of Medel's right to counsel. See Stipulation ¶ 16, at 4. The absence of a waiver of a right to counsel does not necessarily mean that Medel did not execute a waiver of his right to counsel. See Stipulation ¶ 17, at 4. The standard operating procedure for the entry of information in the computer database for criminal cases in the Metropolitan Court now includes the requirement that each waiver of the right to counsel be inputted into the computer database as a separate entry; however, this procedure was not always the case, and Mensack does not know when the change in policy occurred. See Stipulation ¶ 18, at 4.

Medel also submitted a sample waiver of the right to counsel form. See Waiver of Counsel, filed March 18, 2011 (Doc. 36-3). At the hearing on March 18, 2011, Medel's counsel, Brian Pori, represented that he spoke to Medel to see whether he could shed any light on this issue. Mr. Pori represented that Medel states that he does not recall executing a waiver of counsel in any of his cases in the Metropolitan Court. Mr. Pori stated: "That doesn't mean that it wasn't done. It just means that he simply cannot recall at this late date." Transcript of Hearing at 5:12-13 (taken March 18 2011)(Pori)("Tr.").[1]

At the March 18, 2011 hearing, Mr. Pori stated that Medel's arguments regarding the sentence factor manipulation are "a factor that the Court can consider in arriving at a just and reasonable sentence." Tr. at 10:17-20 (Pori).

    THE COURT: It's [a] factor for variance.

    MR. PORI: For variance.

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

>    THE COURT: But it's not an objection to the guideline.
>
>    MR. PORI: Certainly. The guidelines were proper[ly] . . . calculated. . . . [It is] something I think the Court can consider in arriving at a just and reasonable sentence.

Tr. at 10:21-13:13 (Pori, Court).[2]

## THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION'S RIGHT TO COUNSEL

In Gideon v. Wainwright, 372 U.S. 335 (1963), the Supreme Court of the United States held that the Sixth Amendment's guarantee of the right to appointed counsel applies to state criminal prosecutions by incorporation through the Fourteenth Amendment. See 372 U.S. at 344-45. Clarifying the scope of the right to counsel, the Supreme Court later held that an indigent defendant must be appointed counsel in any criminal prosecution "that actually leads to imprisonment even for a brief period," regardless of its classification as a misdemeanor or a felony. Argersinger v. Hamlin, 407 U.S. 25, 33 (1972). Seven years later, in Scott v. Illinois, 440 U.S. 367 (1979), the Supreme Court established the outer limit of the right to counsel enunciated in Argersinger v. Hamlin. See Scott v. Illinois, 440 U.S. at 373. The Supreme Court of Illinois had declined to extend Argersinger v. Hamlin to the defendant "charged with a statutory offense for which imprisonment upon conviction is authorized but not actually imposed upon the defendant." Scott v. Illinois, 440 U.S. at 369. The Supreme Court affirmed, explaining:

>    Even were the matter res nova, we believe that the central premise of Argersinger -- that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment -- is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel.

Scott v. Illinois, 440 U.S. at 373. The Supreme Court held that the Sixth and Fourteenth

---

[2] The Court will address Medel's sentencing factor manipulation and variance arguments at a separate hearing and Memorandum Opinion and Order.

Amendments do not entitle an indigent defendant to trial counsel where he was convicted of theft and fined $50.00 after a bench trial.  See 440 U.S. at 367, 368 ("We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.").

## CHALLENGES TO PRIOR CONVICTIONS AT SENTENCING

In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court found that, for purposes of the penalty enhancements for prior convictions that are imposed by the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of his previous state convictions, with the sole exception of convictions obtained in violation of the right to counsel.  See Custis v. United States, 511 U.S. at 487.  The Supreme Court explained:

> There is thus a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique, perhaps because of our oftstated view that "the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel."

511 U.S. at 494-95 (quoting Powell v. Alabama, 287 U.S. 45 (1932)).  In Burgett v. Texas, 389 U.S. 109 (1967), the Supreme Court held that the admission of a prior criminal conviction that is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of Gideon v. Wainwright.  See Burgett v. Texas, 389 U.S. at 115 ("Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.").

In United States v. Garcia, 42 F.3d 573 (10th Cir. 1994), the United States Court of Appeals

for the Tenth Circuit, relying on the Supreme Court's holding in Custis v. United States, held that, in a sentencing proceeding under the Guidelines, a defendant may not collaterally attack a prior conviction except on the ground of a complete denial of counsel. See United States v. Garcia, 42 F.3d at 581. The Tenth Circuit has since consistently held that, with the exception of a collateral attack based on complete denial of counsel, a district court cannot consider a collateral attack on a prior conviction when sentencing a defendant. In United States v. Cousins, 455 F.3d 1116 (10th Cir.), cert. denied, 549 U.S. 866 (2006), the Tenth Circuit stated

> an exception to this general rule [barring collateral attacks of prior convictions] at sentencing is that challenges to the constitutionality of a conviction based upon a violation of the right to counsel are permitted in sentencing proceedings, even though the defendant is attacking the prior state conviction collaterally in federal court.

455 F.3d at 1125. See United States v. Delacruz-Soto, 414 F.3d 1158, 1167 (10th Cir. 2005)(holding that, "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) cannot consider a collateral attack on a prior conviction."); United States v. Cruz-Alcala, 338 F.3d at 1197 (stating the holding of United States v. Garcia).

    **1.**    **Waiver of the Right to Counsel.**

It is well established a defendant has a constitutional right to waive his right to counsel. See United States v. Molina-Barajas, 47 F. App'x 552, 555 (10th Cir. 2002)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)). If a defendant validly waives his right to counsel, the waiver precludes the defendant from collaterally attacking the conviction. See United States v. Molina-Barajas, 47 F. App'x at 555 ("Further, if defendant entered into a valid waiver [of his right to counsel], the waiver precludes him from collaterally attacking the California conviction.")(citing United States v. Windle, 74 F.3d at 1001).

The Tenth Circuit has consistently held that

> [a] defendant's waiver of his right to counsel is valid only if it is knowing and intelligent; the waiver is knowing and intelligent only if the trial court informs the defendant on the record of the nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation.

Munkus v. Furlong, 170 F.3d 980, 983 (10th Cir. 1999)(citations omitted).  See United States v. Willie, 941 F.2d 1384, 1388 (10th. Cir. 1991)("[T]o be valid, the trial judge must ensure that the waiver . . . is an intentional relinquishment . . . of a known right . . . . Ideally, . . . the record [should] demonstrate that the defendant [knows] the nature of the charges, the range of allowable punishments and possible defenses, and . . . the risks of proceeding pro se." (internal quotation marks and citations omitted)); United States v. Silkwood, 893 F.2d 245, 248 (10th Cir. 1989)(stating that for a waiver of counsel to be knowing and intelligent, the court must conduct a "comprehensive examination into the defendant's apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." (internal quotation marks and citations omitted)).

### 2. **Presumption of Regularity.**

The Supreme Court has held that there is a "'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." Parke v. Raley, 506 U.S. 20, 29 (1992)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). In Parke v. Raley, the defendant, who was charged as a persistent felony offender, argued that two of the convictions offered against him were invalid under Boykin v. Alabama, 395 U.S. 238 (1969), because the records for the convictions did not contain transcripts of the plea proceedings and therefore did not affirmatively show that his guilty pleas were knowing and voluntary. See 506 U.S. at 23. The Supreme Court

stated:

> On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, Boykin does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

506 U.S. at 30. The Supreme Court thus found that, "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506 U.S. at 31 (citation omitted).

### 3.  **Overcoming the Presumption of Regularity.**

The Tenth Circuit in United States v. Duarte-Gutierrez, 129 F. App'x 440 (10th Cir. 2005), stated:

> Once the existence of a conviction is established, the presumption of regularity attaches and we assume that the convicting court complied with the law in all respects, including the requirements for establishing a waiver of the right to counsel. The government is not required to offer any evidence of compliance; Defendant must prove noncompliance.

129 F. App'x at 443. "To overcome this presumption and bar the use of a prior conviction for sentence enhancement, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir. 2006)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)). See United States v. Cruz-Alcala, 338 F.3d 1194, 1197 (10th Cir. 2003)("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." (emphasis in the original)(internal quotation marks omitted)).

"[A] defendant may not simply point to a silent or ambiguous record, but must come forward

with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution." United States v. Cruz-Alcala, 338 F.3d at 1197. See United States v. Ramirez-Barajas, No. CR 10-0046 JB, 2010 WL 5173594, at *8-9 (Nov. 12, 2010 D.N.M.)(Browning, J.)(finding that Ramirez-Barajas did not meet his burden of proving with affirmative evidence that his waiver of counsel was not valid, because he did not present any evidence that he did not knowingly or voluntarily waive his right to representation -- he did nothing more than pointing to a silent or ambiguous record to show that his conviction was constitutionally inform). "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions." United States v. Krejcarek, 453 F.3d at 1297 (quoting Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993)(en banc)). See United States v. Wicks, 995 F.2d at 978 ("Self-serving conclusory statements would be unavailing, of course."). In addition, "[t]he fact one jurisdiction may utilize a different docketing or record keeping system than another does not prove by a preponderance of the evidence [that the defendant] did not waive his right to counsel." United States v. Sanchez, 230 F. App'x 803, 807-08 (10th Cir. 2007).

In United States v. Wicks, the Tenth Circuit found that the defendant did not prove by a preponderance of the evidence that his "guilty pleas were actually involuntary or unknowing." 995 F.2d at 978 (emphasis in original). The defendant did not submit proof that his plea was unknowing or involuntary -- except for proof that there was an incomplete record of the plea proceedings in state court. See 995 F.2d at 979. The Tenth Circuit stated:

> At a minimum, . . . a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion. Self-serving statements would be unavailing, of course. Affidavits or testimony by

-11-

> judges, government and defense attorneys, probation officers, and others involved in and knowledgeable about the challenged proceedings, and directly supporting the defendant's position, would be probative.

995 F.2d at 978-79. The facts available to the Tenth Circuit showed that counsel represented the defendant, which the Tenth Circuit stated "strongly suggests an informed and voluntary plea." 995 F.2d at 979. The Tenth Circuit found that the defendant's pleas were voluntary and knowing, based on the evidence before it and on the defendant's failure to prove that his guilty pleas were unknowing and involuntary. See 995 F.2d at 979.

In United States v. Quintana-Ponce, 129 F. App'x 473 (10th Cir. 2005), the Tenth Circuit found that the defendant did not meet his burden to overcome the presumption of regularity. See 129 F. App'x at 475. At his sentencing, the defendant offered testimony that he was not represented by counsel and did not knowingly waive his right to counsel in the state court proceedings at issue. See 129 F. App'x at 475. After considering the defendant's testimony, the district court implicitly found he was not credible and ruled that he had validly waived his right to counsel in the earlier cases, stating: "[T]aking [the defendant's] proffer at face value and weighing that against his significant history associated with the criminal courts in that area . . . I don't believe that he has overcome the presumption of regularity that attaches to final Judgments." 129 F. App'x at 475 (quoting the district court sentencing transcript). The Tenth Circuit deferred to the district court's credibility determination and found no error in the district court considering the conviction in the defendant's criminal history. See 129 F. App'x at 475.

In United States v. Cruz-Alcala, the Tenth Circuit found that the defendant "failed to establish that his prior . . . convictions [were] constitutionally infirm." 338 F.3d at 1197. The record contained waiver forms for the defendant's convictions, which stated that the defendant understood that he had the right to be represented, and that he understood the dangers and disadvantages of

-12-

giving up his right to a lawyer. See 338 F.3d at 1198. The defendant had initialed the waiver forms, and a translator had signed the forms, verifying that she translated the forms for the defendant. See 338 F.3d at 1198. In addition, the judge signed the forms, stating that the Court reviewed the forms and found that the defendant "expressly, knowingly, understandingly and intelligently waived his . . . constitutional rights." 338 F.3d at 1198. The defendant's

> evidence that he did not waive his right to counsel in the prior proceedings consisted solely of his testimony at the sentencing hearing that he had neither seen nor signed the waiver forms for the DUI convictions (although he admitted he was guilty of those offenses and had used the name "Modesto Martinez" in the DUI proceedings); that an interpreter had never read those documents to him; and that no one had ever told him that he had the right to the assistance of counsel in the DUI cases. Defendant did not testify at all about the waiver of rights at the proceeding for the petty-theft conviction. After hearing all the evidence, the district court found that Defendant's testimony was not credible, and ruled that Defendant had validly waived his right to counsel in the earlier cases.

338 F.3d at 1198. The Tenth Circuit deferred to the district court's credibility determination and upheld the district court's use of the convictions to enhance the defendant's sentence. See 338 F.3d at 1198.

## ANALYSIS

The United States argues that Medel cannot overcome the presumption of regularity. It argues that Medel's lack of memory does not carry the day. It states that there is tremendous ambiguity in the records relating to the two convictions, but argues that ambiguity is not enough. It argues that the Court should infer, based on the record before it, that not only is there a presumption of regularity and that Medel has not met his burden of overcoming that presumption of regularity, but that Medel executed a waiver of counsel.

Medel asks that the Court not include the calculation of the 2 points assessed for the prior misdemeanor convictions, because they were uncounseled, and because there is nothing to show that

Medel validly, knowingly, and intelligently waived his right to counsel.  Medel argues that the absence of entries in the docket, particularly the absence of any entry on those lines which explain waiver of counsel, is sufficient to meet his burden of showing that the two convictions were uncounseled misdemeanor convictions.

Medel bears the burden of demonstrating by a preponderance of the evidence that the November 25, 2000 conviction and the April 20, 2001 conviction were obtained in violation of his constitutional rights.  See United States v. Cruz-Alcala, 338 F.3d at 1197 ("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." (emphasis in original)(internal quotation marks omitted)).  There is evidence that Medel did not have counsel for either conviction.  See Stipulation ¶¶ 13-14, at 3.  The evidence is ambiguous, however, whether Medel waived his right to counsel.  The paper copies of documents in Medel's criminal cases have been destroyed. See Stipulation ¶ 9, at 3. The computer record for Medel's conviction of resisting or evading or obstructing a peace officer and possession of marijuana is not clear whether Medel waived his right to counsel in that case.  See Stipulation ¶ 13, at 3.  The computer record for  Medel's conviction of an open container and driving without a license is not clear whether he waived his right to counsel in that case.  See Stipulation ¶ 14, at 3.  To the best of Mensack's knowledge, most of the judges of the Bernalillo County Metropolitan Court had a policy of eliciting waivers of the right to counsel in criminal cases in which the defendant wished to represent himself; however, there are no computer entries for the waiver of Medel's right to counsel.  See Stipulation ¶¶ 15-16, at 3-4.  The absence of a waiver of a right to counsel does not necessarily mean that Medel did not execute a waiver of his right to counsel.  See Stipulation ¶ 17, at 4.  The standard operating procedure for the entry of information in the computer database for criminal cases in the Bernalillo County

Metropolitan Court now includes the requirement that each waiver of the right to counsel be inputted into the computer database as a separate entry; however, this procedure was not always the case, and Mensack does not know when the change in policy occurred. See Stipulation ¶ 18, at 4. Mr. Pori represented that Medel does not recall executing a waiver of counsel in either case.

This evidence is ambiguous. There is no entry in the computer record that Medel waived his right to counsel; however, to the best of Mensack's knowledge, most of the judges had a policy of eliciting waivers of the right to counsel, and it was not always standard operating procedure to input each waiver of the right to counsel as a separate entry. Medel has not testified or offered an affidavit stating that he did not waive counsel or that his waiver was not knowing and intelligent. Instead, he has represented through his counsel only that he does not remember executing waivers of counsel. Medel -- much like the defendant in United States v. Wicks -- is doing nothing more than pointing to a silent or ambiguous record to show that his conviction was constitutionally infirm. See United States v. Wicks, 995 F.2d at 978-79 (stating that the defendant did not submit proof that his plea was unknowing or involuntary -- except for proof that there was an incomplete record of the plea proceedings in state court -- and that "[a]t a minimum, . . . a defendant pointing to a silent or missing record . . . must begin by also submitting an affidavit or its equivalent . . . specifying in detail the factual support for [his assertions that the conviction is constitutionally infirm]."). Because Medel has demonstrated only that the record is ambiguous, and because he has not come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the constitution, Medel has not met his burden of persuasion to overcome the presumption of regularity that attaches to the conviction. See United States v. Cruz-Alcala, 338 F.3d at 1197 ("[A] defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation

of the Constitution."); Ramirez-Barajas, 2010 WL 5173594, at *9 (overruling the defendant's collateral attack on the conviction based on his assertion that he did not validly waive his right to counsel, because the defendant did not show, by affirmative evidence, that he did not competently and validly waive his right to counsel). The Court will therefore sustain the United States' objection to the criminal history calculations in the re-disclosed PSR.

**IT IS ORDERED** that: (i) the Defendant's objection to paragraphs 50 and 52 of the Presentence Investigation Report in the Defendant's Sentencing Memorandum, filed January 25, 2011 (Doc. 26), is overruled; and (ii) United States' objection to the re-disclosed Presentence Investigation Report's calculation of Defendant Guillermo Medel's criminal history points in the Government's Sentencing Memorandum and Response to Defendant's Sentencing Memorandum, filed February 13, 2011 (Doc. 29), is sustained. Medel's offense level is 27 and his criminal history category is V, producing a guideline imprisonment range of 120-150 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
James D. Tierney
Reeve L. Swainston
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Brian A. Pori
  Federal Public Defender
Federal Public Defenders Office
District of New Mexico
Albuquerque, New Mexico

*Attorney for the Defendant*